The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JACK PERMISSION,<br><br>                        Plaintiff,<br><br>    v.<br><br>COMCAST HOLDINGS CORPORATION, OUTREACH COMMUNICATIONS, LLC AND CONVERGENT OUTSOURCING, INC. F/K/A ER SOLUTIONS, INC.<br><br>                        Defendants. | No. 3:12-cv-05714-BHS<br><br>DEFENDANT COMCAST HOLDINGS CORPORATION'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION<br><br>**Note on Motion Calendar:**<br>October 26, 2012 |

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS)

DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................1

   A. Mr. Permison Agreed to Arbitrate His Claims. ............................................................ 1

   B. The Terms of the Parties' Arbitration Provisions......................................................... 3

III. ARGUMENT .........................................................................................................................5

   A. Plaintiff Agreed To Arbitrate His Claims .................................................................... 5

   B. Plaintiff Did Not Opt Out Of The Arbitration Provision ............................................. 7

   C. Plaintiff Should Be Compelled To Honor His Contract............................................... 8

IV. CONCLUSION ......................................................................................................................8

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — i
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*AT&T Mobility LLC v. Concepcion*,
   131 S. Ct. 1740 (2011) ...............................................................................................5

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986) ...................................................................................................7

*Britton v. Co-op Banking Grp.*,
   4 F.3d 742 (9th Cir. 1993) ..........................................................................................6

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
   207 F.3d 1126 (9th Cir. 2000) ................................................................................6, 8

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985) ................................................................................................5, 8

*First Options of Chi., Inc. v. Kaplan*,
   514 U.S. 938 (1995) ...................................................................................................7

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991) .....................................................................................................5

*Kilgore* v. *KeyBank Nat'l Ass'n*,
   673 F.3d 947 (9th Cir. 2012) ......................................................................................6

*Lutz v. Cont'l Servs., Inc.*,
   No. C07-974Z, 2007 WL 4165274 (W.D. Wash. Nov. 16, 2007) (Zilly, J.) .............6

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985) ................................................................................................5, 6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ....................................................................................................7, 8

*Perry v. Thomas*,
   482 U.S. 483 (1987) ...................................................................................................5

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967) ...................................................................................................7

*Simula, Inc. v. Autoliv, Inc.*,
   175 F.3d 716 (9th Cir. 1999) ......................................................................................6

*Tuminello* v. *Richards*,
   No. C11-5928BHS, 2012 WL 750305 (W.D. Wash. Mar. 8, 2012) (Settle, J.) ....7, 8

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — ii
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**STATUTES**

9 U.S.C. § 2 ..................................................................................................................6

9 U.S.C. § 3 ..................................................................................................................8

9 U.S.C. § 4 ..................................................................................................................8

47 U.S.C. § 227(b)(1)(A)(iii) .......................................................................................1

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — iii
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**I.      INTRODUCTION**

Defendant Comcast Holdings Corporation ("Comcast" or "Defendant"), by and through its undersigned counsel and pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, respectfully moves this Court for an Order compelling Plaintiff Jack Permison ("Plaintiff") to submit his claims to binding individualized arbitration pursuant to the Comcast Residential Customer Agreement, and to stay litigation pending arbitration.

Plaintiff Jack Permison, a resident of Gig Harbor, Washington, subscribes to Comcast's residential cable television and Internet services.  On or about August 10, 2012, Plaintiff filed this action against Defendants, alleging that Comcast and companies it hired placed a series of "non-emergency telephone calls" to his cellular telephone without his prior, express consent "using an automatic dialing system and/or an artificial or prerecorded voice" in an effort to collect an outstanding obligation that Plaintiff owed to Comcast.  Compl. [Dkt. No. 1] ¶¶ 5, 7.  Plaintiff alleges these calls violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(b)(1)(A)(iii).  *Id.* ¶¶ 25-30.

Although Comcast believes that Plaintiff's claims are without merit, Comcast and Plaintiff are parties to the Comcast Residential Customer Agreement, which requires that an arbitrator, not a court, make that determination.  Indeed, when given the opportunity to opt out of arbitration without affecting his receipt of service, Plaintiff elected not to do so.  Thus, Comcast respectfully requests that the Court compel him to honor the parties' written agreement to arbitrate this dispute.

**II.     BACKGROUND**

**A.     Mr. Permison Agreed to Arbitrate His Claims.**

On or about February 3, 2012, Plaintiff signed up for Comcast cable television and Internet services with an account located at 7314 102nd Street CT NW, Apt. A, Gig Harbor, Washington.  *See* Decl. of Mary Kane, dated October 4, 2012 ¶ 3.  Rather than have a Comcast professional visit his home and install his equipment, Plaintiff elected to "self-install" his equipment and activate service on his own.  *Id.*

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — 1
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

As part of its regular and routine business practices, Comcast provides subscribers who self-install their equipment with a "self-installation kit," which includes instructions for installing and activating Comcast cable and Internet services equipment. *Id*. Contained in the self-installation kit is a Welcome Kit, which includes a copy of Comcast's then current terms and conditions (the "Comcast Residential Customer Agreement"). *Id ¶* 4. The Comcast Residential Customer Agreement is also available online at:

http://www.comcast.com/Corporate/Customers/Policies/SubscriberAgreement.html.

In order to complete the self-install process, customers are directed to activate their service by visiting Comcast's website at www.comcast.com/activate and to follow the instructions displayed on their computer screen. As part of that activation process, customers are required to read and accept Comcast's "Terms of Service" contained in the Comcast Residential Customer Agreement. Customers must indicate that they have read and agree to those terms by clicking a box on their computer screen stating: "Yes, I agree to the Terms of Service." Plaintiff agreed to the Comcast Residential Customer Agreement by clicking that box. *Id.* ¶ 6.

The Comcast Agreement for Residential Services included a written arbitration provision. *Id.* ¶ 7. The opening paragraphs of the Comcast Agreement for Residential Services states as follows:

> XFINITY Service(s) will be provided to you…on the terms and conditions set forth in this Agreement for Residential Services (the "Agreement")…Unless this Agreement or applicable law specifies otherwise, we will give you thirty (30) days prior notice of any significant change to this Agreement. If you find the change unacceptable, you have the right to cancel your Service(s). However, if you continue to receive Service(s) after the end of the notice period (the "Effective Date") of the change, you will be considered to have accepted the changes. You may not modify this Agreement by making any typed, handwritten, or any other changes to it for any purpose. Note: This Agreement contains a binding arbitration provision in Section 13 that affects your rights under this Agreement with respect to all Service(s)…You will have accepted this Agreement and be bound by its terms if you use the Service(s) or otherwise indicate affirmative acceptance of such terms.

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — 2
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Id.*, Ex. 1 (typography and emphasis in original).  It also advised Plaintiff that he could opt out of the written arbitration provision without having any adverse effect on his relationship with Comcast.  It specifically provided that, in order to opt out, Plaintiff was required, within thirty (30) days of receiving the Comcast Agreement for Residential Services, to write to Comcast or fill out a simple form on www.comcast.com/arbitrationoptout:

> IF YOU DO NOT WISH TO BE BOUND BY THE ARBITRATION PROVISION, YOU MUST NOTIFY COMCAST WITHIN 30 DAYS FROM THE DATE THAT YOU FIRST RECEIVE THIS AGREEMENT BY VISITING WWW.COMCAST.COM/ARBITRATIONOPTOUT, OR BY MAIL TO COMCAST 1701 JOHN F. KENNEDY BLVD., PHILADELPHIA, PA 19103-2838, ATTN: LEGAL DEPARTMENT/ARBITRATION.  YOUR WRITTEN NOTIFICATION TO COMCAST MUST INCLUDE YOUR NAME, ADDRESS AND COMCAST ACCOUNT NUMBER AS WELL AS A CLEAR STATEMENT THAT YOU DO NOT WISH TO RESOLVE DISPUTES WITH COMCAST THROUGH ARBITRATION.  YOUR DECISION TO OPT OUT OF THIS ARBITRATION PROVISION WILL HAVE NO ADVERSE EFFECT ON YOUR RELATIONSHIP WITH COMCAST OR THE DELIVERY SERVICES TO YOU BY COMCAST.  IF YOU HAVE PREVIOUSLY NOTIFIED COMCAST OF YOUR DECISION TO OPT OUT OF ARBITRATION, YOU DO NOT NEED TO DO SO AGAIN.

*Id*. (typography and emphasis in original).  After receiving the Comcast Agreement for Residential Services, Plaintiff elected not to opt out of the written arbitration provision while other subscribers in Washington State exercised this right.  *See* Kane Decl. ¶ 8.  Rather, Plaintiff proceeded to receive and pay for his service without objection.  *Id*. ¶ 9.

**B.**     **The Terms of the Parties' Arbitration Provisions**

The written arbitration provision prominently states, under the heading "**Binding Arbitration**," as follows:

> **Purpose.**  If you have a Dispute (as defined below) with Comcast that cannot be resolved through an informal dispute resolution with Comcast, you or Comcast may elect to arbitrate that Dispute in accordance with the terms of this Arbitration Provision rather than litigate the Dispute in court.  Arbitration means you will have a fair hearing before a neutral arbitrator instead of in a court by a judge or jury.  Proceeding in arbitration may result in limited discovery and may be subject to limited review by courts.

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — 3
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Id.*, Ex. 1 ¶ 13(a) (emphasis in original). Its scope extends to any "Disputes" between the parties, which are defined as follows:

> **Definitions.** The term "Dispute" means any dispute, claim or controversy between you and Comcast regarding any aspect of your relationship with Comcast, whether based in contract, statute, regulation, ordinance, tort (including, but not limited to, fraud, misrepresentation, fraudulent inducement, negligence, or any other intentional tort), or any other legal or equitable theory, and includes the validity, enforceability or scope of this Arbitration Provision. "Dispute" is to be given the broadest possible meaning that will be enforced. As used in this Arbitration Provision, "Comcast" means Comcast and its parents, subsidiaries and affiliated companies and each of their respective officers, directors, employees and agents.

*Id.* ¶ 13(b) (emphasis in original).

The arbitration provision also contains a number of consumer-friendly provisions that make the arbitral process less costly and more flexible for subscribers such as Plaintiff. Aside from the right to opt out, which Plaintiff did not elect, the arbitration provision affords subscribers a convenient arbitral forum,[1] requires Comcast to advance all arbitral filing fees and all of the arbitrator's costs and expenses,[2] permits subscribers to file in small claims court if they prefer that means of dispute resolution,[3] does not require arbitral awards to be kept confidential,[4] provides for an appeal and does not limit whatever right subscribers may have to

---

[1] *See* Kane Decl., Ex. 1 ¶ 13(g) ("**Location of Arbitration**. The arbitration will take place at a location convenient to you in the area where you receive the service from us.") (emphasis in original).

[2] *See id.* ¶ 13(h) ("**Payment of Arbitration Fees and Costs.** COMCAST WILL ADVANCE ALL ARBITRATION FILING FEES AND ARBITRATOR'S COSTS AND EXPENSES UPON YOUR WRITTEN REQUEST GIVEN PRIOR TO THE COMMENCEMENT OF THE ARBITRATION.") (emphasis and typography in original). If the subscriber prevails in the arbitration, the subscriber will have no obligation to reimburse Comcast for fees and costs that were advanced. *Id.* ("IF THE ARBITRATION PROCEEDING IS DETERMINED IN YOUR FAVOR, YOU WILL NOT BE REQUIRED TO REIMBURSE COMCAST FOR ANY OF THE FEES AND COSTS ADVANCED BY COMCAST.") (emphasis and typography in original). In addition, if Comcast prevails in the arbitration, the subscriber only will be obligated to reimburse Comcast for fees and costs that were advanced if they would have been recoverable had the dispute been resolved in a court of law. *Id.* ("IF THE ARBITRATION PROCEEDING IS DECIDED IN COMCAST'S FAVOR, YOU SHALL REIMBURSE COMCAST FOR THE FEES AND COSTS ADVANCED TO YOU ONLY UP TO THE EXTENT AWARDABLE IN A JUDICIAL PROCEEDING.") (emphasis and typography in original).

[3] *See id.* ¶ 13(j) ("**Exclusions from Arbitration.** YOU AND COMCAST AGREE THAT THE FOLLOWING WILL NOT BE SUBJECT TO ARBITRATION: (1) ANY CLAIM FILED BY YOU OR BY COMCAST THAT IS NOT AGGREGATED WITH THE CLAIM OF ANY OTHER SUBSCRIBER AND WHOSE AMOUNT IN CONTROVERSY IS PROPERLY WITHIN THE JURISDICTION OF A COURT THAT IS LIMITED TO ADJUDICATING SMALL CLAIMS") (emphasis and typography in original).

[4] *See generally id.*

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — 4
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

appeal an arbitral award to a court of law,[5] and does not prohibit an award of attorneys' fees if such an award is justified by the law under which the subscriber seeks relief.[6]

### III.    ARGUMENT

Plaintiff is obligated to arbitrate his claims pursuant to the terms of the written arbitration provision in the Comcast Residential Customer Agreement provided to him in February 2012.  Because the written arbitration provision squarely encompasses Plaintiff's claims and he failed to opt out, Comcast respectfully requests that Plaintiff be compelled to arbitrate his dispute with Comcast, and this litigation be stayed pending completion of an arbitration proceeding.

**A.    Plaintiff Agreed to Arbitrate His Claims.**

Congress has expressed a strong public policy favoring arbitration pursuant to which courts are not only encouraged, but required, to "rigorously enforce" arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221 (1985).  Congress enacted the FAA in order to "reverse the longstanding judicial hostility to arbitration agreements" and to place such agreements on "the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991); *see also AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) ("[C]ourts must place arbitration agreements on an equal footing with other contracts … and enforce them according to their terms.") (citations omitted); *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (describing the FAA as "a congressional declaration of a liberal federal policy favoring arbitration agreements"); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985) (noting the "emphatic federal policy in favor of arbitral dispute

---

[5] *See id.* ¶ 13(e) ("**Arbitration Procedures**. . . . If an award granted by the arbitrator exceeds $75,000, either party can appeal that award to a three-arbitrator panel administered by the same arbitration organization by a written notice of appeal filed within thirty (30) days from the date of entry of the written arbitration award…. [The arbitral award] shall be final and binding, except for any appellate right which exists under the FAA.") (emphasis in original).

[6] *See id.* ¶ 13(h) ("**Payment of Arbitration Fees and Costs**. . . . NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS ARBITRATION PROVISION, COMCAST WILL PAY ALL FEES AND COSTS THAT IT IS REQUIRED BY LAW TO PAY.") (emphasis and typography in original).

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — 5
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

resolution"); *Lutz v. Cont'l Servs., Inc.*, No. C07-974Z, 2007 WL 4165274, at *3 (W.D. Wash. Nov. 16, 2007) (Zilly, J.) ("There is a liberal federal policy favoring arbitration agreements.").

Arbitration agreements must meet only two conditions for the FAA to apply: (1) they must be in writing; and (2) they must be part of "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Arbitration agreements that satisfy these two requirements are "valid, irrevocable, and enforceable" under federal law. *Id; see also Kilgore* v. *KeyBank Nat'l Ass'n*, 673 F.3d 947, 955 (9th Cir. 2012) ("The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If the response is affirmative…the Act requires the Court to enforce the arbitration agreement in accordance with its terms") (internal quotation omitted).

In this case, both elements have been met. First, the parties' arbitration provision is unquestionably in writing. *See* Kane Decl., Ex. 1. Second, that provision indisputably evidences a transaction in interstate commerce. Indeed, it affirmatively states as much. *See id.* ¶ 13(e) ("Because the Service(s) provided to you by Comcast concerns interstate commerce, the Federal Arbitration Act ("FAA"), not state arbitration law, shall govern the arbitrability of all Disputes."). Accordingly, the arbitration provision is governed by the FAA.

Plaintiff's claims also are within the scope of the arbitration provision, which applies to "any dispute, claim or controversy between" the parties, "whether based in contract, statute, regulation, ordinance, tort (including, but not limited to, fraud, misrepresentation, fraudulent inducement, negligence or any other intentional tort), or any other legal or equitable theory." *See, e.g.*, Kane Decl., Ex. 1 ¶ 13(b). As the Ninth Circuit recognizes, "all disputes" clauses of this sort are "broad and far reaching" in scope, *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000), and are "routinely used . . . to secure the broadest possible arbitration coverage." *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745 (9th Cir. 1993). These clauses require arbitration of all disputes that "touch matters" covered by the contract defining the parties' relationship. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999).

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — 6
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

As set forth in Plaintiff's complaint, Plaintiff's claims relate to Comcast contacting him regarding his failure to pay for the cable television and Internet services Comcast provided to him. *See* Dkt. No. 1 ¶ 7 ("Defendants willfully and knowingly utilized automated telephone dialing systems to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due."). Thus, Plaintiff's claims fall squarely within the scope of the parties' arbitration agreement and must be arbitrated, particularly in light of the presumption in favor of arbitrability.[7] *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (courts must presume that disputes are arbitrable "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute"); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (courts should determine scope of arbitration agreements "with a healthy regard for the federal policy favoring arbitration," and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 406 (1967); *Tuminello* v. *Richards*, No. C11-5928BHS, 2012 WL 750305, at *2 (W.D. Wash. Mar. 8, 2012) ("the FAA divests courts of their discretion and requires courts to resolve any doubts in favor of compelling arbitration") (Settle, J.).

### B.   Plaintiff Did Not Opt Out Of The Arbitration Provision

Despite being given an opportunity to opt out of the arbitration provision, Plaintiff failed to exercise this right. Plaintiff received the Comcast Residential Customer Agreement along with his self-install kit on February 3, 2012. Kane Decl. ¶ 4. If Plaintiff wished to opt out, the arbitration provision required him to notify Comcast by March 4, 2012. *See id.,* Ex. 1¶ 13(c) ("YOU MUST NOTIFY COMCAST IN WRITING WITHIN 30 DAYS OF THE DATE THAT YOU FIRST RECEIVE THIS AGREEMENT"). While other Comcast subscribers in

---

[7] To the extent the scope of the arbitration provision was in question, that question would be for the arbitrator to decide. *See, e.g.*, Kane Decl., Ex. 1 ¶13(b) (defining "Dispute" as "any dispute, claim or controversy between you and Comcast," including "the validity, enforceability or scope of this Arbitration Provision"). Parties may agree that arbitrators should decide the question of arbitrability in the first instance. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942-43 (1995).

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — 7
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Washington State exercised their rights to opt out of the arbitration provision by either opting out online or sending written notice to Comcast, Plaintiff did not.  *See* Kane Decl. ¶ 8.  Rather, Comcast began billing Plaintiff for his services, and Plaintiff began paying for those services without objection.  *Id.* ¶ 9.  As a result, Plaintiff is bound by the arbitration provision.

### C. Plaintiff Should Be Compelled to Honor His Contract.

Where the FAA governs an arbitration agreement and a dispute falls within the agreement's scope, courts should compel arbitration and stay further judicial proceedings.  *See* 9 U.S.C. §§ 3, 4; *see also Moses H. Cone,* 460 U.S. at 22 ("[The FAA] provides two parallel devices for enforcing an arbitration agreement:  a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4."); *Dean Witter Reynolds*, 470 U.S. at 218 ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (emphasis in original); *Chiron Corp. v. Ortho Diagnostic Sys*., 207 F.3d 1126, 1130 (9th Cir. 2000) (a district court must compel arbitration where "a valid agreement to arbitrate exists" and "the agreement encompasses the dispute at issue."); *Tuminello*, 2012 WL 750305, at *2 ("The FAA requires courts to stay proceedings when an issue before the court can be referred to arbitration") (Settle, J.).  Here, a valid agreement to arbitrate exists and the parties' dispute is within the scope of that agreement.  Accordingly, the Court should direct Plaintiff to submit his claims to a binding arbitration proceeding pursuant to the terms of that agreement.

### IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay this action in its entirety and direct Plaintiff to submit his claims to binding arbitration on an individualized basis pursuant to the terms of his written arbitration provision with Comcast.

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — 8
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

| | | |
|---|---|---|
| 1 | DATED: October 5, 2012 | Respectfully submitted, |
| 2 | | |
| 3 | | Davis Wright Tremaine LLP<br>*Attorneys for Defendant Comcast Holdings Corporation* |
| 4 | | |
| 5 | | By s/ *Kenneth E. Payson*<br>   Kenneth E. Payson, WSBA #26369 |
| 6 | | Nicholas Ryan-Lang, NYSBA #4500609<br>(Washington admission pending) |
| 7 | | 1201 Third Avenue, Suite 2200<br>Seattle, Washington 98101-3045 |
| 8 | | Telephone: (206) 622-3150<br>Fax: (206) 757-7700 |
| 9 | | E-mail: kenpayson@dwt.com<br>E-Mail: nicholasryanlang@dwt.com |

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — 9
DWT 20409941v3 0107080-000214

CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel for record who receive CM/ECF notification, and that the remaining parties shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 5th day of October, 2012.

        Davis Wright Tremaine LLP
        *Attorneys for Defendant Comcast Holdings Corporation*

        By *s/ Kenneth E. Payson*
         Kenneth E. Payson, WSBA #26369
         1201 Third Avenue, Suite 2200
         Seattle, Washington 98101-3045
         Telephone: (206) 622-3150
         Fax: (206) 757-7700

COMCAST'S MOTION TO COMPEL ARBITRATION
AND STAY LITIGATION (No. 3:12-cv-05714-BHS) — 10
DWT 20409941v3 0107080-000214

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700