UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK PERMISON,

           Plaintiff,

    v.

COMCAST HOLDINGS
CORPORATION, et al.,

           Defendants.

CASE NO. C12-5714 BHS

ORDER ON MOTION TO
COMPEL AND STAY
ARBITRATION

       This matter comes before the Court on its Order Denying in Part Defendant Comcast's motion to stay and compel arbitration and requesting additional briefing (Dkt. 32). The Court has considered the additional briefing and concludes that it will retain jurisdiction over Plaintiff Jack Permison's ("Permison") TCPA complaint.

## I. PROCEDURAL & FACTUAL BACKGROUND

       On August 10, 2012, Permison filed a complaint against Comcast and other defendants for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Dkt. 1. Based on a fair reading of the complaint, it appears that the

1   allegations are based on an account that Permison closed with Comcast and for which

2   Permison did not receive a final bill, but it is not entirely clear that all the calls are related

3   to a closed account.  *Id*. at 3.

4          On October 5, 2012, Comcast filed a motion to compel arbitration and stay

5   litigation.  Dkt. 17.  Comcast's position was based entirely on an agreement that Comcast

6   contends it provided Permison with his current account in Washington.  *Id*. at 5–9.  On

7   November 5, 2012, Permison responded.  Dkt. 25.  Permison states that the complaint

8   "clearly references a Comcast account that has been terminated and thus implicitly–and

9   necessarily–relates to a Colorado account."  *Id*. at 4.  Instead of withdrawing the motion,

10  Comcast replied and improperly submitted new evidence in support of the reply.  *See*

11  Dkts. 27 & 28.  Comcast submitted the agreements that it contends Permison signed

12  when he opened the now closed Colorado accounts.  Under the principles of due process,

13  the Court allowed Permison an opportunity to respond to the new evidence and

14  arguments, requested supplemental briefing and renoted Comcast's motion.  Dkt. 29.

15         On January 8, 2013, Permison filed a supplemental response in opposition to

16  Comcast's motion.  Dkt. 30.  On January 11, 2013, Comcast filed a supplemental reply in

17  support of its motion.  Dkt. 31.

18         On February 15, 2012, the Court issued an order denying in part Comcast's

19  motion to compel arbitration and stay litigation.  Dkt. 32.  In that order, the Court also

20  requested Permison clarify the calls for which he seeks recovery for TCPA violations in

21  this Court.  *Id*. at 11-12.

22

## II. DISCUSSION

While Comcast disputes that Permison has failed to meet its burden of showing that none of the calls for which he seeks relief relate to his Washington account (Dkt. 34 at 3), the Court finds that the Permison has satisfied its request for clarification. Although without the aid of discovery, Permison is unable to accurately identify which calls relate to his Colorado accounts (Dkt. 33 at 3), Permison has clarified that he will assert TCPA violations in this case only with respect to calls that relate to his Colorado accounts. *Id.* at 4.  He apparently has no intention of presenting evidence to or seeking recovery from this Court for calls made in connection with his Washington accounts. *Id.* at 4.  Rather, he intends to pursue any Washington claims in an "arbitral forum within the applicable limitations period" (*id.*), which is consistent with this Court's prior order. *See* Dkt. 32.  As plaintiff, Permison can and has narrowed the TCPA allegations in his complaint to only those calls made in connection with his Colorado account.

## III. ORDER

Therefore, it is hereby **ORDERED** that the Court will retain jurisdiction over this matter and adjudicate alleged TCPA violations made in connection with Permison's Colorado accounts.

Dated this 22nd day of March, 2013.

BENJAMIN H. SETTLE
United States District Judge